# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2498

_____

Ericka Benedicto

*Plaintiff - Appellant*

v.

City of Little Rock

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: April 6, 2017
Filed: April 11, 2017
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Ericka Benedicto, an African-American woman, brought an employment discrimination suit against the City of Little Rock, her employer. As relevant to this appeal, Benedicto claimed that a salary disparity between her and a white co-worker was the result of racial discrimination. Following a two-day trial, the jury returned

a verdict for the City of Little Rock, and the District Court[1] denied Benedicto's motion for a new trial under Rule 59(a) of the Federal Rules of Civil Procedure. She appeals and we affirm.

For reversal, Benedicto argues that the District Court should have granted her a new trial because the jury pool was entirely white and the verdict was against the great weight of the evidence. The District Court did not abuse its discretion in denying the Rule 59(a) motion. See Burris v. Gulf Underwriters Ins. Co., 787 F.3d 875, 878 (8th Cir. 2015) (standard of review). Like the District Court, we conclude that the jury-pool argument was not timely raised: the jury pool was entirely white, yet Benedicto waited until twenty-eight days after entry of judgment to challenge the racial composition of the pool. See 28 U.S.C. §§ 1861, 1867(c), (e) (providing that litigants have the right to a jury selected "from a fair cross section of the community in the district" and that a party in a civil case may move to stay the proceedings based on improper jury selection before voir dire begins or "within seven days after the party discovered or could have discovered" a violation, whichever is earlier, § 1867 being the exclusive means by which a party in a civil case may challenge jury selection under the Jury Selection and Service Act of 1968).

As for the verdict, our review of the record shows no basis to conclude "that the jury's verdict contravenes the great weight of the evidence to such an extent that allowing the verdict to stand will result in a miscarriage of justice." United States v. Big D Enters., Inc., 184 F.3d 924, 930 (8th Cir. 1999) (standard of review), cert. denied, 529 U.S. 1018 (2000).

We affirm the judgment of the District Court.

_____

_____

[1]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas.